**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Nicholas J.,[1]

Plaintiff,

v.

Frank Bisignano,
*Commissioner of Social Security*,

Defendant.

Case No. 25-cv-2007 (NEB/DJF)

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Fee Motion") (ECF No. 22) related to a contingency fee agreement between Plaintiff and his counsel ("Fee Agreement") (ECF No. 25-1). The undersigned considers the matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons set forth below, the Court grants the Fee Motion.

## I. Background

On April 16, 2025, Plaintiff signed a Fee Agreement with his counsel that stated:

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won, for work performed in connection with federal court litigation. … I understand that my attorney may seek the maximum fee this contract allows under the law. … If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, I will be refunded or credited with the amount of the smaller fee. In no case will the fee that comes out of the back benefits paid on my account be greater than 25% of back benefits for work performed in connection with this federal court litigation. I understand that this fee will be in addition to any fee I may owe for representation at the administrative level. I understand that this means I may owe much more than 25% of back benefits for work at both the federal level and administrative level.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

(ECF No. 25-1 at 10–11). Plaintiff filed a Complaint in this matter on May 6, 2025 with the assistance of counsel (ECF No. 1). On September 2, 2025, the Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings (ECF No. 10). On November 14, 2025, the Court awarded Plaintiff $8,000.00 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (ECF No. 20).

Upon remand, an Administrative Law Judge issued a favorable decision to Plaintiff, finding him disabled. (*See* ECF No. 25-1 at 2.) Plaintiff's "Notice of Award" indicates he is entitled to $82,727.00 in past due benefits, with twenty-five percent ($20,686.98) withheld to pay an approved attorney's fee (*id.* at 4–5).

Plaintiff's attorney now seeks a total award of attorney's fees in the amount of $19,486.98, reduced by the EAJA fee award of $8,000.00 previously paid, for a net fee of $11,486.98. (ECF No. 25 ¶ 2.) Defendant "neither supports nor opposes [Plaintiff's] counsels' request for attorney's fees in the amount of $19,486.98, under 42 U.S.C. § 406(b)" but asks that the Court's reasonableness determination of the fee request be based on the full $19,486.98, rather than the net fee request of $11,486.98 after offsetting the EAJA award. (ECF No. 28 at 1, 3.)

## I. Legal Standard

Under section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b).

The Supreme Court has recognized that the Social Security Act has no "design to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." *Gisbrecht*

*v. Barnhart*, 535 U.S. 789, 805 (2002) (citation modified). However, courts are tasked with independently determining whether attorney's fees sought under such agreements are reasonable. *See id.* at 808. Contingency agreements are unenforceable when they require fees in excess of 25 percent of the past-due benefits, but when "[w]ithin the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case." *Shane T. v. Saul*, No. 18-cv-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020) (citing *Gisbrecht*, 535 U.S. at 808).

In evaluating a fee motion under 406(b), a court must take into account any fees awarded under the EAJA. When a court awards attorney's fees to a plaintiff under the EAJA and awards fees to the plaintiff's attorney under section 406(b), the attorney must refund the amount of the smaller fee to the plaintiff. *Gisbrecht*, 535 U.S. at 796.

## II. Analysis

Plaintiff's attorney contends his fee request of $19,486.98 under section 406(b) is reasonable because his representation of Plaintiff resulted in remand and a favorable decision by an Administrative Law Judge. (ECF No. 25 ¶¶ 3–4, 12–13.) Plaintiff's attorney asserts that "[a]ppealing Social Security Disability cases to the federal court level is a highly specialized and niche practice area." (*Id.* ¶ 16.) He states that he and his law firm concentrate on such matters, and have "special qualifications," expertise, and experience in this practice area, having filed over 700 federal appellate briefs in social security disability matters in 2025. (*Id.* ¶¶ 14–18.) Plaintiff's attorney also states that he is an active member of the National Organization of Social Security Claimants' Representatives and the National Association of Disability Representatives,

professional organizations focusing on social security disability matters. (*Id.* ¶¶ 21–23.) He emphasizes that the total fee request is less than twenty-five percent of Plaintiff's past-due benefits—the amount Plaintiff agreed to pay counsel under the Fee Agreement. (*Id.* ¶¶ 6–7; ECF No. 25-1 at 10–11.)

Finally, Plaintiff's attorney argues his fee request is appropriate based on his expectation that contingency cases be paid a higher rate due to the considerable risk of non-recovery. (ECF No. 25 ¶¶ 8, 10.) Plaintiff's attorney also attached a Billing Time Sheet detailing the time spent on Plaintiff's appeal, including 34.5 hours of attorney time and 5.5 hours of paralegal time (ECF No. 25-1 at 13).

Having reviewed Plaintiff's counsel's Declaration and attached exhibits, the Court finds Plaintiff's attorney's fee request is reasonable. Plaintiff's Fee Agreement provides that if he wins in federal court, his counsel is entitled to 25 percent of any past-due benefits owed to him (ECF No. 25-1). Plaintiff prevailed in federal court, entitling him to past-due benefits. The Court does not find any basis in the record to conclude his attorney's work was substandard, resulted in undue delay, or involved an amount of effort that is disproportionate to the outcome. Rather, Plaintiff's attorney expended an appropriate amount of time on Plaintiff's appeal, ultimately resulting in a full award of past-due benefits. (*See* ECF Nos. 25, 25-1.)

While the $19,486.98 sought is substantially more than the $9,630.00 fee that would have been charged if Plaintiff's attorneys and paralegals charged their standard hourly rates of $260.00 and $120.00, respectively, that alone does not render it unreasonable. Subtracting the $660 attributable to paralegals results in a fee of $18,826.98, and dividing that fee by the hours spent by Plaintiff's attorneys results in a de facto hourly rate of $546. While that rate is relatively high, the Court considers that the attorney and his firm are experienced in federal appeals of social security disability cases. The Court further considers that counsel bore the risk of potential failure

under the contingency fee arrangement.

Given these considerations, the Court does not find that the fee sought is unreasonably large compared to the amount of time counsel spent on Plaintiff's case. *See, e.g., Miller v. Kijakazi*, No. 19-cv-2842 (JRT/TNL), 2021 WL 5216903, at *2 (D. Minn. Nov. 9, 2021) (approving $742 de facto hourly rate); *Shane T.*, 2020 WL 5743075, at *2 (approving $776 de facto hourly rate); *Jody A.E. v. Saul*, No. 16-cv-969 (MJD/BRT), 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019) (approving $1,230 de facto hourly rate); *Smith v. Astrue*, No. 06-cv-2091 (ADM/AJB), 2008 WL 2609443, at *4 (D. Minn. June 24, 2008) (approving $1,142 de facto hourly rate). Because Plaintiff's attorney's fee request of $19,486.98 is less than twenty-five percent of the past-due benefits Plaintiff is owed, and because there does not appear to be any rationale to reduce the fee, both the Fee Agreement and the statute permit the requested award. *See Gisbrecht*, 535 U.S. at 807–08.

The Court therefore grants Plaintiff's Fee Motion. Plaintiff's counsel shall be awarded $19,486.98 in fees, to be paid from Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b). But to account for the fee of $8,000.00 previously awarded under the EAJA, the $19,486.98 fee shall be reduced by $8,000.00, for a net award of **$11,486.98**. *See id.* at 796; *see also Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) (approving attorney's request to offset section 406(b) award with previously awarded EAJA fees).

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 22) is **GRANTED**; and

2. Plaintiff's counsel shall be awarded $19,486.98 in fees, reduced by the Court's

original EAJA fee award of $8,000.00, for a net fee of **$11,486.98**, to be paid from Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b).

Dated: September 22, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge